UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

THE UNITED STATES OF AMERICA, for the use
and benefit of
UNITED STEEL INC.,

                          Plaintiff,

          -against-

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

                        Defendant.

----------------------------------------------------------------------X

JURY TRIAL DEMANDED

Case No.:

**COMPLAINT**

Plaintiff The United States of America, for the use and benefit of United Steel Inc. (hereinafter, "Use Plaintiff"), by its attorneys, Welby, Brady & Greenblatt, LLP, for its complaint against Defendant Philadelphia Indemnity Insurance Company, alleges as follows:

## NATURE OF THE ACTION, JURISDICTION AND VENUE

1.     This action arises, and the Court has jurisdiction, under the Miller Act, United States Code Annotated, Title 40, Sections 3131 to 3134 (40 U.S.C.A. §§ 3131 to 3134). Venue is proper in this district because the principal contract described below between Williams Building Company, Inc. and the United States of America, acting by and through the Department of Veterans Affairs, was to be performed and executed in the Northern Counties of the Southern District of New York, as described in Rule 18 (a) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

## PARTIES AND RELEVANT NON-PARTY

2.     Use Plaintiff is a corporation organized and existing under the laws of the State of Connecticut, with its principal office and place of business located at 164 School Street, East Hartford, Connecticut 06108. Use Plaintiff is engaged in the business of fabricating and erecting structural steel and miscellaneous metals.

3.     Upon information and belief, at all times hereinafter mentioned Defendant Philadelphia Indemnity Insurance Company (hereinafter, "Philadelphia Indemnity"), was and still is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at One Bala Plaza East, Suite 400, Bala Cynwyd, Pennsylvania 19004.

4.     Upon information and belief, at all times hereinafter mentioned Williams Building Company, Inc. (hereinafter, "Contractor"), was and still is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business at 259A North Street, Suite 2, Hyannis, Massachusetts 02601.

## CLAIM FOR RELIEF

5.     Upon information and belief, on or about June 19, 2018, Contractor entered into a contract, designated Contract Number 36C24218C0082 (hereinafter, the "Principal Contract"), in writing with the United States of America, acting by and through the Department of Veterans Affairs, to furnish the materials and perform the labor for the construction of a project, commonly known as VA Castle Point Replacement of Existing Air Handler Unit, Building 15E AHU Replacement,

AE Project 620A4-14-109, located at 41 Castle Point Road, Wappingers Falls, New York (hereinafter, the "Project"), in accordance with the specifications contained in the Principal Contract, for valuable consideration.

6.     On or about June 19, 2018, pursuant to the terms of the Principal Contract, Contractor, as principal, and Defendant Philadelphia Indemnity, as surety, executed and delivered to the United States their bond, Payment Bond OMB Control Number: 9000-0045, conditioned as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the Principal Contract (hereinafter, the "Payment Bond"). A copy of the Payment Bond is attached hereto as Exhibit A, and is incorporated herein by reference.

7.     On or about December 10, 2018, Use Plaintiff entered into a subcontract with Contractor, as amended by subsequent change orders made thereunder, by the terms of which Use Plaintiff agreed to furnish certain labor, materials and equipment required for the construction of the Project, including the furnishing and installation of structural steel framing, steel decking, metal fabrications, metal stairs and ballasted roof rail system, in consideration for payment of the agreed upon sum and the reasonable value of $357,351.00 (hereinafter, the "Subcontract"), made under the Principal Contract between Contractor and the United States of America. A copy of the Subcontract is attached hereto as Exhibit B, and is incorporated herein by reference.

3

8.     Use Plaintiff then entered into the performance of its Subcontract and furnished labor, materials and equipment as prescribed in the Subcontract, and at the specific request and direction of Contractor performed additional and extra labor, and furnished additional and extra materials and equipment, in the prosecution of the work provided for in the Principal Contract between Contractor and the United States of America as follows:

a)     Use Plaintiff performed labor and furnished materials and equipment under the Subcontract, including the furnishing and installation of structural steel framing, steel decking, metal fabrications, metal stairs and ballasted roof rail system. The reasonable and agreed value of such labor, materials and equipment was and is $286,292.00. Contractor has paid $206,004.50 of such amount, leaving a balance due of $80,287.50.

b)     At the specific request and direction of Contractor, Use Plaintiff performed extra labor and furnished extra materials and equipment for the Project, including the furnishing and installation of miscellaneous steel and certain items required for or incidental to the furnishing and installation of steel at the Project. The reasonable value of such extra labor, materials and equipment was and is $71,059.00. Contractor has not paid any sum of such amount, leaving a balance due of $71,059.00.

9.     Use Plaintiff has fully performed its obligations under the Subcontract, in addition to providing said extra and additional labor, work and materials and equipment for the Project.

4

10.    Notwithstanding Use Plaintiff's several demands on Contractor for payment, such balances have not been paid and there is now justly due and owing to Use Plaintiff the sum of $151,346.50, that amount being the agreed upon and the reasonable value of the labor performed and materials and equipment furnished by Use Plaintiff to Contractor, less those amounts already paid to Use Plaintiff as set forth above.

11.    Contractor has breached its Subcontract with Use Plaintiff in that it failed and refused to pay Use Plaintiff the moneys due it for labor performed and materials and equipment furnished, as set forth above.

12.    The materials and equipment furnished and the labor performed by Use Plaintiff were required to be furnished and performed and were actually furnished and performed for the construction of the Project, in furtherance of the prosecution of the work provided for in the Principal Contract between Contractor and the United States of America; and the aforesaid materials, equipment and labor were used or were reasonably required for use in the performance of the Subcontract.

13.    The date on which the last labor was performed and materials and equipment supplied to Contractor by Use Plaintiff was on or about October 29, 2019. A period of more than 90 days has elapsed since such date, and Use Plaintiff has not been paid in full for the labor performed and materials and equipment furnished for prosecution of the Principal Contract.

5

14.    All conditions precedent for the bringing and maintenance of this action have been performed or have occurred, including satisfying all of the terms and conditions of the Payment Bond.

**WHEREFORE**, the United States of America, on behalf of and to the use and benefit of United Steel Inc., requests judgment against Defendant Philadelphia Indemnity Insurance Company, as follows:

1. For the sum of $151,346.50, together with interest at the legal rate on such amount awarded as allowed by law;

2. For costs and disbursements of this action; and

3. For such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
         September 4, 2020

WELBY, BRADY & GREENBLATT, LLP

By:   */s/ Michael I. Silverstein*
         Paul G. Ryan  (PR-2374)
         Michael I. Silverstein (MIS-0367)
         *Attorneys for Plaintiff*
         *United Steel Inc.*
         11 Martine Avenue, 15th Floor
         White Plains, New York 10601
         (914) 428-2100
         pryan@wbgllp.com
         msilverstein@wbgllp.com